

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00459-CR

GREGORY MCCAIN                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                        STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

----------

## OPINION

----------

Appellant Gregory McCain filed a post-conviction motion for forensic DNA testing.[1]  *See* Tex. Code Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2013).  On July 1, 2013, the trial court denied Appellant's motion "because no evidence containing biological material exists in a condition making DNA testing possible." *See id.* art. 64.03(a)(1)(A)(i) (West Supp. 2013).  Appellant contends he did not

---

[1]We do not have any information regarding Appellant's underlying conviction.

receive notice of the trial court's denial until August 13, 2013.[2] Appellant's notice of appeal from the trial court's order was postmarked August 23, 2013, but was not filed until September 19, 2013.

On September 27, 2013, we notified Appellant that we had not received a certification of his right to appeal and that his notice of appeal appeared to be untimely. *See* Tex. R. App. P. 25.2(d), 42.3. On October 7, 2013, Appellant filed a motion for extension of time to ensure the certification was filed. Appellant also filed a motion to hold the clerk in contempt for failure to submit the certification to this court. Appellant has not responded to our notice that his notice of appeal was untimely.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under Rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). An appeal from the denial of a motion for DNA testing is treated in the same manner as an appeal from any other criminal matter. Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). Rule 26.2(a) requires that a notice of appeal be filed within thirty days after the date

---

[2]We note that when Appellant received notice of the denial is not considered in calculating the deadline to file his notice of appeal. *Compare* Tex. R. App. P. 4.2, *with* Tex. R. App. P. 26.2(a).

the trial court enters an appealable order.[3]  Tex. R. App. P. 26.2(a).  Appellant did not file his notice of appeal within thirty days of the trial court's July 1, 2013 order.  Therefore, we have no jurisdiction over his appeal and dismiss the appeal for that reason.  *See* Tex. R. App. P. 43.2(f).  Because we have no jurisdiction, we may not decide Appellant's two pending motions.  *See Slaton*, 981 S.W.2d at 210.

PER CURIAM

PANEL:  GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DAUPHINOT, J., filed a concurring opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 21, 2013

---

[3]A notice of appeal also is timely if filed within 45 days after the appealable order is signed and accompanied by a compliant motion for extension.  Tex. R. App. P. 26.3.  Appellant did not file a compliant motion to extend the time to file his notice of appeal, and his notice of appeal was filed outside of the 45-day deadline.